## ATTACHMENT: FORM CV-27 QUESTION 9

**GROUND ONE: This Court Should Deny Extradition Pursuant to the Humanitarian Exception Because the Extradition Violates Substantive Due Process.**

The magistrate judge found that Mr. Ahn was likely to be killed by North Korea if he was sent to Spain and that extradition was "antipathetic" to her common "sense of decency." This finding was supported by uncontested evidence that the FBI informed Mr. Ahn that he is a target for North Korean assassination and would be at greater risk if he leaves the United States, as well as expert testimony, and legal authorities. Extradition under these facts violates Mr. Ahn's Fifth Amendment right to substantive due process.

**GROUND TWO: The Magistrate Judge Erred in Finding Probable Cause.**

The admitted evidence showed that Mr. Ahn was merely present at the scene of the alleged crimes, and there was no competent evidence that he engaged in criminal acts. The evidence was insufficient to show probable cause that Mr. Ahn committed breaking and entering, making threats, causing injury, or illegal restraint. In addition, evidence under Ground Five should have been admitted and would have obliterated probable cause.

**GROUND THREE: The Magistrate Judge Erred in Finding Dual Criminality.**

Mr. Ahn lacked the requisite intent necessary for dual criminality because (1) he genuinely believed that he was acting at the request of North Korean officials; and (2) he genuinely believed he was acting under the direction of the United States Government.

**GROUND FOUR: The Magistrate Judge Relied on Incompetent Evidence.**

The magistrate judge should not have admitted the statement of one of the North Korean witnesses. The expert testimony of Professor Sung-Yoon Lee confirmed that the witness and her family were effectively under hostage by the North Korean regime, and her testimony was the product of coercion and years of indoctrination.

**GROUND FIVE: The Magistrate Judge Erred in Excluding Mr. Ahn's Evidence.**

Mr. Ahn's declaration, medical records, and expert opinions were explanatory evidence that should have been admitted and would have obliterated probable cause.

**GROUND SIX: The Magistrate Judge Erred in Refusing to Compel *Brady*.**

Constitutional due process required the court to compel exculpatory evidence.