Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Naeun Rim – State Bar No. 263558
    nrim@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA  90067
Telephone: (310) 312-4380
Facsimile: (310) 312-4224

Attorneys for Petitioner Christopher Philip Ahn

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PHILIP AHN,<br><br>Petitioner,<br><br>vs.<br><br>DAVID M. SINGER, U.S. MARSHAL,<br><br>Respondent. | CASE NO. 2:22-CV-04320-FLA<br><br>**PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS**<br><br>Assigned to Hon. Fernando L. Aenlle-Rocha<br>Courtroom 6B |

3950651.3

1

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS

On February 22, 2024, the Government submitted a brief identifying cases that distinguish between explanatory and contradictory evidence. *See* Dkt. 59. Petitioner Christopher Ahn respectfully submits this reply memorandum to bring further relevant authority on this subject to the Court's attention. As the Government did not include an application of the law to the facts here, Ahn has also purposefully limited his memorandum to a discussion of additional authority. Should the Court request an analysis of the facts as applied, or if the Government files further briefing, Ahn respectfully requests that he be granted leave to file an additional reply.[1]

In the Ninth Circuit, *Santos v. Thomas*, 830 F.3d 987, 992 (9th Cir. 2016) is controlling authority determining how courts should distinguish between admissible and inadmissible evidence in extradition proceedings. The primary goal of limiting the scope of admissible evidence, according to *Santos*, is to avoid turning extradition proceedings into a "mini-trial," where the Court is forced to evaluate the credibility of the Government's evidence. *Id.* at 1007. Thus, evidence that merely presents a "conflict of credibility . . . presenting a different version of the facts or offering reasons why the government's evidence should not be believed" is "contradictory evidence," and inadmissible. *Id.* at 1003. "Explanatory evidence," on the other hand, is admissible because it "obliterates" probable cause, rendering the Government's

---

[1]   Pursuant to the Court's comments at the January 26, 2024 hearing on Ahn's petition for habeas corpus, Ahn has continued to work towards an informal resolution to this matter and contacted the Government to request a meeting with senior leadership at DOJ for further discussion. On April 16, 2024, the Government informed Ahn that DOJ "[did] not believe a meeting will be fruitful and are disinclined to agree to one." On April 30, the government confirmed again that senior leadership at DOJ was not inclined to meet, and that only Mr. Lulejian was willing to participate in a meeting. While Ahn remains willing to resolve this matter informally, given the Government's response, Ahn is proceeding under the assumption that a ruling on the merits by the Court will be required, and thus submits this brief.

3950651.3

2

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS

evidence unable to support probable cause regardless of its credibility – either by demonstrating that the evidence is incompetent because it was obtained through inappropriate procedures, or by "explaining away" probable cause altogether in a manner that does not challenge the credibility of the Government's evidence. *Id.* at 1004-1005; *see also The Rule of Non-Contradiction in International Extradition Proceedings: A Proposed Approach to the Admission of Exculpatory Evidence*, 23 Fordham Int'l L.J. 1295, 1297 (2000) *cited in Santos*, 830 F.3d at 1044 (Callahan, J. dissenting) (explanatory evidence is evidence that "provides an innocent explanation for events that the government contends point toward guilt.")

Thus, evidence that provides an alternative, non-extraditable explanation for the Government's evidence – without contradicting any of the facts therein – is admissible as explanatory evidence. For example, in *Bilić*, Bosnia-Herzegovina sought extradition of the accused, who was charged with war crimes for leading a group of Bosnian Muslims who assaulted six Bosnian Serbs – two of whom died from their injuries. 625 F. Supp. 3d 1214, 1219 (D. Utah 2022). Bilić argued that his conduct was non-extraditable under the political exception, and sought to introduce affidavits and oral testimony explaining that the beating of the Bosnian Serbs was not a random act of violence, but rather incidental to an organized resistance movement of Bosnian Muslims against Bosnian-Serb forces who were laying siege to their village. *Id.* at 1231. The court found that this evidence was admissible as it was "consistent with and explain[ed] in more detail the evidence offered by the United States, without calling into question the credibility of other evidence." *Id.* at 1231. In other words, Bilić was not trying to show that the conduct alleged by the Government's evidence did not occur, but rather that even if it did occur, it was not criminal. Notably, the Court specifically distinguished Bilić's explanatory evidence from his testimony denying that he had participated in any beatings, holding that the latter was inadmissible because it contradicted the Government's evidence.

For the same reason, evidence that does not deny any of the conduct alleged

3950651.3

3

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS

by the Government's evidence, but instead demonstrates that the accused lacked the *mens rea* necessary to make his conduct criminal is also admissible. *C.f. Manta v. Chertoff*, 518 F.3d 1134, 1141-42 (9th Cir. 2008) (Even in extradition, "conduct is only criminal if performed with the required intent.") Thus, so long as he does not controvert the conduct shown by the Government's evidence, an accused may introduce evidence of innocent intent for the same conduct. *Jhirad v. Ferrandina*, 362 F. Supp. 1057, 1064-65 (S.D.N.Y.), *reversed on other grounds*, 486 F.2d 442 (2d Cir. 1973) (accused was entitled to introduce explanatory evidence regarding a non-criminal explanation for the transfer of money from the fund that he oversaw into his personal account). In considering this form of explanatory evidence, it is important to distinguish between (1) evidence that negates or explains away intent without contradicting the government's evidence (which is admissible) and (2) evidence of a victim's consent (which is not). Unlike affirmative defenses such as a victim's consent, criminal intent is ultimately the government's burden to prove. *See Manta*, 518 F.3d at 1141-42. Thus, if there is explanatory evidence that negates criminal intent and obliterates probable cause, there are no grounds to extradite.

As explained in Ahn's habeas brief, Dkt. 14 at 58, evidence that **the accused believed** a victim consented to his actions is the type of evidence that negates criminal intent (and could therefore be explanatory and admissible in an extradition proceeding), not evidence of affirmative consent (which would require evidence of the victim's state of mind). *See, e.g., People v. Mayberry*, 15 Cal.3d 143, 155 (Cal. 1975) (conviction for kidnapping unavailable if defendant "entertains a reasonable and bona fide belief that [the victim] voluntarily consented to accompany him"); *U.S. v. Martinez-Hernandez*, 932 F.3d 1198, 1207 (9th Cir. 2019) (conviction for robbery requires "exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership); *People v. Rivera*, 157 Cal. App. 3d 736, 742-43 (Cal. App. 1984) (reasonable belief that physical contact was consensual, even if mistake of fact, "negate[s] the element of

3950651.3

4

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS

1  intent" for assault); *Ocasio v. U.S. v. Wallace*, 136 S. Ct. 1423, 1429 (2016)
2  (formation of criminal conspiracy requires "specific intent that the underlying crime
3  be committed by some member of the conspiracy") (internal quotations omitted).
4  Such evidence of the defendant's state of mind can negate criminal intent,
5  ***regardless of whether the victim consented or not***.

6        In addition, while it is true that extradition courts cannot make credibility
7  determinations to resolve a conflict between the government's evidence and
8  "contradictory evidence" introduced by the accused, courts can and in fact must
9  make credibility determinations regarding explanatory evidence. The Ninth Circuit
10 discussed this at length in *Santos*, where the court expressly noted that when
11 considering evidence of coercion, courts must weigh the credibility of that evidence.
12 *Santos*, 830 F.3d 987, 1004 ("In these cases, once the evidence of coercion is
13 admitted, courts weigh whether the allegations of coercion are credible, and if so,
14 whether probable cause still exists once the tainted evidence is excluded from the
15 analysis"). Indeed, it would be impossible to consider evidence of torture without
16 deciding whether the evidence that the torture occurred was credible. There is no
17 reason why the same reasoning should not apply generally to other types of
18 explanatory evidence, which by nature does not contradict the government's
19 evidence but simply offers an alternative explanation and fills in gaps that otherwise
20 make no sense.

21       *Santos* also rejected the government's position that *Barapind v. Enomoto*, 400
22 F.3d 744, 749-750 (9th Cir. 2005) precluded an extradition court from evaluating
23 the credibility of explanatory evidence. *Santos*, 830 F.3d 987, 1005. In *Barapind*,
24 the Ninth Circuit upheld the lower court's determination that the credibility of an
25 affidavit recanting a statement introduced by the government could not be
26 determined without a trial, and thus could not be considered in extradition.
27 *Barapind*, 400 F.3d at 749-750. *Santos* pointed out, however, that the Ninth
28 Circuit's decision in *Barapind* could not fully be understood without reviewing the

district court's original decision on extradition. *Id.* During the *Barapind* extradition proceedings, the district court had expressly held, "Although contradictory evidence is not to be considered, the extradition judge makes credibility determinations as to the competence of the evidence supporting probable cause." *In re Extradition of Singh*, 170 F. Supp. 2d 982, 1023 (E.D. Cal. 2001) (ultimately affirmed in part, and reversed in part on other grounds in *Barapind*, 400 F.3d 744). After considering the credibility of the proffered explanatory evidence, the district court found that probable cause as to two of the charges had been obliterated because the accused had introduced uncontested evidence that certain statements had been obtained through coercion. *Singh*, 170 F. Supp. 2d at 1023. As to a third charge, however, the district court noted that the recanter simply claimed that the Indian police had "forced him to sign blank papers" but otherwise failed to describe the circumstances under which he was forced to sign. *Id.* at 1024. For the most part, the recanting statement for the third charge simply denied the facts set forth in an earlier affidavit, which the district court concluded could not be resolved without a trial. *Id.* The Ninth Circuit affirmed the district court's decision to certify extradition as to the third charge but did not consider the decision to deny extradition on the first and second charges, as that part of the decision was apparently not appealed. See *Barapind*, 400 F.3d at 749-750.

Noting this, *Santos* described with approval the district court's decision to deny extradition as to the first two charges after considering the credibility of coercion evidence:

> On two of the eleven charges brought against the petitioner, the extradition court found that allegations of torture undermined probable cause. With respect to one of the charges, the single witness alleged that his previous incriminating statement was involuntarily obtained and that he had never identified Barapind or the other alleged assailants in the case. *Extradition of Singh*, 170 F.Supp.2d at 1021–22. India declined to challenge the witness's explanation. The extradition court weighed the credibility of this statement and concluded that, under the totality of the circumstances, the later affidavit "destroy[ed] the competence of the evidence and obliterate[d] probable cause" for the charge.

3950651.3

6

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS

830 F.3d at 1005. *Santos* went on hold that the *Barapind* opinion did not prevent an extradition court from considering the credibility of explanatory evidence: "A petitioner in an extradition proceeding has the right to introduce evidence that 'explains away' or 'obliterates' probable cause, and credible evidence that a statement was obtained under coercion does just that by undermining the competence of the government's evidence." *Id.* at 1006.

Finally, courts have limited discretion to admit as explanatory evidence "clear cut proof" that renders the Government's narrative "essentially impossible," regardless of whether or not it contradicts certain aspects of the allegations. *In re Extradition of Strunk*, 293 F. Supp. 2d 1117, 1133 (E.D. Cal. 2003) (contradictory declarations could be admitted where lone declaration relied on by Government had already been recanted in open court). Courts must retain this discretion because in some cases, the Government's evidence is so manifestly unreliable, and the evidence of innocence so straightforward and overwhelming, that refusing to admit the latter would be like ignoring an "elephant in the room." *Id.* at 1122. Based on this principle, numerous District Courts have held that even evidence that contradicts the Government's facts – such evidence of alibis or affirmative defenses – can be admitted so long as it is so clear cut and overwhelming as to "obliterate probable cause." *See Matter of Extradition of Ameen*, 2019 WL 2208220, at *10 (E.D. Cal. May 22, 2019) ("It would be manifestly unjust to prohibit a fugitive from presenting evidence that conclusively establishes that he could not have committed the crime he is charged with. To prohibit the introduction of such exonerating evidence would render these proceedings nothing more than a rubber stamp") (cleaned up); *in re Extradition of Gonzalez*, 52 F. Supp. 2d 725, 739 (W.D. La. April 6, 1999) (alibi evidence admissible where eyewitness identifications relied on by government "lack[ed] any indicia of reliability").

3950651.3

7

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS

| | | |
|---|---|---|
| DATED: April 30, 2024 | | Ekwan E. Rhow<br>Christopher Jumin Lee<br>Bird, Marella, Boxer, Wolpert, Nessim,<br>Drooks, Lincenberg & Rhow, P.C. |
| | By: | /s/ Christopher Jumin Lee<br>Christopher Jumin Lee<br>Attorneys for Petitioner Christopher Philip Ahn |
| DATED: April 30, 2024 | | Naeun Rim<br>Manatt, Phelps & Phillips, LLP |
| | By: | /s/ Naeun Rim<br>Naeun Rim<br>Attorneys for Attorneys for Petitioner Christopher Philip Ahn |

3950651.3

8

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW
REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS

## ATTESTATION

Pursuant to L.R. 5-4.3.4, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this content and have authorized the filing.

DATED: April 30, 2024

Ekwan E. Rhow
Christopher Jumin Lee
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Christopher Jumin Lee
Attorneys for Petitioner Christopher Philip Ahn

3950651.3

9

PETITIONER CHRISTOPHER AHN'S RESPONSE TO UNITED STATES' SUMMARY OF CASELAW REGARDING CONTRADICTORY AND EXPLANATORY EVIDENCE IN EXTRADITION MATTERS